**460**

In the Matter of C. P., Appellant.

No. 12823.

District of Columbia Court of Appeals.

Argued Feb. 27, 1981.

Decided Oct. 23, 1981.

William J. Mertens, Public Defender Service, Washington, D. C., with whom Silas J. Wasserstrom, Public Defender Service, Washington, D. C., was on the supplemental brief, for appellant.

Edward E. Schwab, Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington D.C., were on the supplemental brief, for appellee.

Before NEBEKER, HARRIS, and FER-REN, Associate Judges.

## MEMORANDUM OPINION AND ORDER

This case has had an unusual history. A delinquency petition was filed against appellant on April 30, 1977, charging him with attempted robbery while armed in violation of D.C.Code 1973, §§ 22–2902, –3202. He was found guilty of that offense on September 26, 1977. A majority of this division of the court affirmed the judgment on appeal by an opinion which was issued on February 20, 1980. *In re C. P.,* D.C.App., 411 A.2d 643 (1980).

Appellant sought relief from the Supreme Court. On November 3, 1980, the Supreme Court entered the following order:

The motion of petitioner for leave to proceed in forma pauperis and the petition for writ of certiorari are granted. The judgment is vacated and the case is remanded to the District of Columbia Court of Appeals for further consideration in light of *Rhode Island v. Innis,* 446 U.S. 291 [100 S.Ct. 1682, 64 L.Ed.2d 297] (1980). [449 U.S. 945, 101 S.Ct. 345, 66 L.Ed.2d 210.]

Supplemental briefs were filed by the parties in December of 1980 and January of 1981. The Corporation Counsel requested that the case be remanded to the trial court for additional findings. Oral argument was conducted on February 27, 1981.

While we were giving consideration to the case pursuant to the directive of the Supreme Court, on May 18, 1981, that Court decided the case of *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). We have felt obliged to analyze the trial court's findings (made more than four years ago) in light of *Edwards v. Arizona* as well as of *Rhode Island v. Innis.* Based

upon that analysis, we conclude that the government's request for a remand for additional findings must be granted.

We note that appellant became 18 years of age on July 24, 1981. As a result, he no longer is subject to the jurisdiction of the Family Division. *See* D.C.Code 1973, § 16–2301(3). That fact, coupled with the passage of more than four years since the holding of the suppression hearing in this case, prompts us to observe that it may be appropriate to dismiss the original delinquency petition and to forego further proceedings. This remand is without prejudice to such a dismissal. *See id.,* § 17–306.

Accordingly, it is

ORDERED that the case be remanded to the trial court.

FERREN, Associate Judge, dissenting:

I respectfully dissent from a mere remand; the judgment ought to be reversed and the case dismissed. *See Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); *Rhode Island v. Innis,* 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); *In re C. P.,* D.C.App., 411 A.2d 643, 649 (1980) (Ferren, J., dissenting). I do not understand the reasoning that underlies my colleagues' decision to grant the government's request for additional findings.